IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANTHONY STUDIEMYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-081 |
| | ) | |
| DARRELL WRIGHT, Correctional Officer; | ) | |
| WHEELER CORRECTIONAL FACILITY; | ) | |
| and CCA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court directed Plaintiff to amend his original complaint because of pleading deficiencies, (see doc. no. 9), and it is the amended complaint that is now before the Court for screening. The Court **DIRECTS** the **CLERK** to add Defendants Wheeler Correctional Facility and CCA Corporation as Defendants, in conformity with Plaintiff's amended complaint. (See doc. no. 10, pp. 1, 4.)

I.    SCREENING OF THE AMENDED COMPLAINT

    A.    BACKGROUND

Plaintiff names the following Defendants: (1) Darrell Wright, a correctional officer at WCF; (2) WCF; and (3) CCA Corporation. (See doc. no. 10, pp. 1, 4.) Taking all of Plaintiff's

factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On April 9, 2014, Defendant Wright assaulted Plaintiff when he found him speaking with friends in a dormitory to which he had not been assigned. (Id. at 5.) A verbal altercation between Plaintiff and Defendant Wright turned physical, with Defendant Wright punching and throwing his knee on Plaintiff after Plaintiff had "balled up on the floor defenseless screaming for help." (Id.) Another officer arrived and had to pepper spray Defendant Wright to get him off of Plaintiff. Plaintiff was then taken to a segregation cell by unidentified prison staff and denied medical attention for the multiple injuries he received from Defendant Wright, including a cut below his eye, bruised ribs, and a swollen mouth. (Id.)

Plaintiff seeks damages for his pain and suffering, wants to bring criminal charges for assault against Defendant Wright, and seeks a federal investigation of the "corrupt" activity of staff and administration officials at WCF and the CCA Corporation. (Id. at 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Cannot Bring Criminal Charges against Defendant Wright in a Civil Rights Lawsuit.

In a companion Order, the Court allows Plaintiff to proceed with his Eighth Amendment claim for use of excessive force against Defendant Wright. In addition, however, Plaintiff requests criminal charges against Defendant Wright. The law is well settled that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Weaver v. Mateer and Harbert, P.A., 523 F. App'x 568, 568 (11th Cir. 2013) (citing Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987); see also Sattler v. Johnson, 857 F.2d 224,

3

227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted). Therefore, Plaintiff's request that Defendant Wright face criminal charges for his alleged assault against Plaintiff fails to state a claim upon which relief may be granted.

### 3. Plaintiff Fails to State a Claim against Defendants WCF or CCA Corporation.

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has failed to state a viable § 1983 claim against Defendants WCF or CCA Corporation. First, Plaintiff fails to mention either of these two Defendants in his statement of claim. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

Moreover, Plaintiff does not explain how the correctional facility itself can be sued and/or how either WCF or CCA Corporation is responsible for the actions of Defendant Wright or unnamed prison officials who put him in a segregation cell without obtaining medical treatment for him. Plaintiff thus fails to state a claim for relief against either entity. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution of the United States by a person acting under color of state law); Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866-67 (11th Cir. 2008) (rejecting claim against prison where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation).

Second, Plaintiff fails to state a claim against Defendants WCF and CCA Corporation because he is attempting to hold these entities liable merely because of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors[1] cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants WCF or CCA Corporation liable, Plaintiff must demonstrate that either (1) Defendants actually participated in the alleged constitutional violation, or (2) there is a causal connection between Defendants' actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff never mentions either of these two Defendants in his statement of claim and appears to name them as Defendants not because of their direct

---

[1]Of course, private contractors that run prisons, like CCA Corporation, do act under color of state law for purposes of § 1983 liability. Farrow v. West, 320 F.3d 1235, 1239 n.9 (11th Cir. 2003). Nevertheless, as explained herein, the principle that *respondeat superior* is not a cognizable theory of liability under § 1983 holds true regardless of whether the entity sued is a corporation of state, municipal, or private origin. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992).

participation in events of April 9th involving Defendant Wright but merely because they "allow[ed] this type of abuse at this institution." (Doc. no. 10, p. 6.)

Likewise, Plaintiff must allege a causal connection between Defendants WCF and CCA Corporation and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, as noted above, Plaintiff never mentions either of these two Defendants in his statement of claim, let alone does Plaintiff draw the necessary causal connection to any alleged constitutional violation. Plaintiff's general discussion of non-specific complaints about abuse by correctional officers at WCF in his request for relief, (doc. no. 10, p. 6), falls woefully short of the specificity required to draw the requisite causal connection to sustain a claim for supervisory

6

liability. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendants WCF and CCA Corporation, and they should be dismissed from the case.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants WCF and CCA Corporation, along with Plaintiff's request that criminal charges for assault be brought against Defendant Wright, be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 21st day of October, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA